40 WALL STREET, 29TH FLOOR
NEW YORK, NEW YORK 10005
Tel: 212.423.0305
Fax: 212.423.0304
www.KerrLLP.com



WILLIAM B. KERR

May 5, 2020

<u>VIA ECF</u>
Honorable Ronnie Abrams
U.S. District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

    Re:    <u>Klein v. Aicher, 1:19-cv-09172 (RA); Letter Motion to Seal Exhibit</u>

Your Honor:

I represent the Plaintiff Refael Klein ("Plaintiff") in the above-referenced matter.

Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and Rule 5(A)(ii) of this Court's Individual Practices, Plaintiff respectfully requests that the Court seal Exhibit 1 to each of the Declarations of Refael Klein in Opposition to Defendant's separate Motion for Sanctions and Motion to Dismiss the Complaint and/or for Summary Judgment.

Defendant does not oppose Plaintiff's application to seal this information.

<u>Preliminary Statement/Factual Background</u>

Each of Plaintiff's claims are based upon the allegation that in and around June of last year, Defendant, Senior Counsel at Catholic Health Services of Long Island d/b/a Catholic Health System of Long Island ("CHSLI"), unlawfully accessed Plaintiff's confidential and legally protected medical records for the purposes of disclosing them to a third-party in an effort to gain an advantage in a separate action pending against Plaintiff.

On January 3, 2020, Defendant moved for dismissal and/or summary judgment. On January 21, 2020, Defendant moved for sanctions. Both motions claim that Defendant could not have accessed Plaintiff's medical information because her role at CHSLI did not afford her access privileges. In his opposition papers filed on April 10, 2020, Plaintiff referenced a "Healthix Patient Account Access Log" for 2019 (the "Access Log") which he obtained from Healthix and which shows what providers among the Long Island Patient Information Exchange ("LIPIX")/ Healthix Network accessed his medical records. The Access Log reveals that Plaintiff's patient records and other data were accessed by a representative or representatives of CHSLI on numerous occasions (*i.e.,* more than 30 times) without his consent, yet Plaintiff never received diagnosis or treatment from CHSLI throughout 2019 or during any other time. By letter

motion dated April 20, 2020, Plaintiff requested leave to file and serve a redacted version of Exhibit 1 in conjunction with each set of opposition papers which the Court granted.

Plaintiff seeks to have only this information filed under seal because the potential harm from public disclosure substantially outweighs any public interest in the information. The public disclosure of this confidential medical information is an invasion of privacy and likely to cause Plaintiff personal and professional reputational harm. To avoid these harms, Plaintiff seeks an order from the Court permitting Plaintiff to file under seal an unredacted version of his Exhibit 1s. Plaintiff already filed a redacted version of each on ECF (Dkt. # 58 & 59.)

Plaintiff's sealing request is limited:  He requests that the public version of each of his Exhibit 1s show each of the instances where CHSLI accessed his medical records but include redactions of the names of other providers that accessed his medical records and all dates of access. (*See* Dkt. # 58 & 59.) Under the governing *Lugosch* standard, Plaintiff's narrow request, combined with the potential for harm from the public release of this data, supports sealing here. Indeed, Defendant does not oppose Plaintiff's motion to seal.

Argument

A.      Legal Standard

The Second Circuit set forth the standard for sealing materials in civil matters in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). *Lugosch* established a three-step process: the first step is whether the document is a "judicial document," a document "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. A presumption of public access attaches to judicial documents only. Second, the court must determine the weight of the presumption of public access; that weight is based on the importance of the information to the judicial function: "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (quoting *U.S. v. Amodeo II*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Third, the court must balance the presumption of access against countervailing factors, such as a party's interest in preserving the confidentiality of their private health status that could result in harm if publicly disclosed. *Id.* at 120; *see also Wells v. Norris*, No. 16-CV-6850, 2019 U.S. Dist. LEXIS 11521, at *3-4 (W.D.N.Y. Jan. 23, 2019) (sealing medical records after finding a stronger interest in maintaining privacy over that of the presumption of access). Indeed, the district courts within the Second Circuit routinely seal medical records. *E.g.*, *Wheeler-Whichard v. Doe*, No. 10-CV-0358S, 2010 U.S. Dist. LEXIS 88675 (W.D.N.Y. Aug. 25, 2010).

Moreover, the Health Information Portability and Accountability Act ("HIPAA") and the accompanying regulations promulgated by the Department of Health Services keep from disclosure "protected health information" related to the "treatment, payment, or healthcare operation." 45 C.F.R. §164.502(a). The term "health information" covers, among other things, "past, present, or future physical or mental health or condition of an individual; the provision of

health care to an individual; or the past, present, or future payment for the provision of health care to an individual." *Id.* at §160.103.

The courts in this Circuit have repeatedly held that information protected by HIPAA is not subject to a First Amendment or common-law right of access and thus have sealed docket entries that contain such information. *See Tavares v. Lawrence & Mem'l Hosp.*, No. 3:11-CV-770, 2012 U.S. Dist. LEXIS 134881, *43-44 (D. Conn. Sept. 20, 2012) ("The parties are reminded that, pursuant to the Health Insurance Portability and Accountability Act of 1996 . . . information exchanged between them during discovery is not subject to a First Amendment or common-law public right of access. Thus, discovery involving the Tavares's marital therapy records should in no way disclose these records to the public."); *Hand v. New York City Transit Auth.*, No. 11-CV-997, 2012 U.S. Dist. LEXIS 120701, at *17 (E.D.N.Y. Aug. 26, 2012) ("Federal law generally treats medical records as confidential . . . . Thus, plaintiff's motion to seal is granted in part with respect to portions of dockets sheets that include the aforementioned Employee Medical History & Physician's Certification Form."); *Wheeler-Whichard v. Doe*, No. 10-CV-0358S, 2010 U.S. Dist. LEXIS 88675, at *22 (W.D.N.Y. Aug. 25, 2010) ("The Court notes, however, that this Court and other district courts routinely file medical records under seal, without sealing the action or having plaintiff proceed under a pseudonym, to protect plaintiff's privacy interests in his medical records and, therefore, plaintiff's medical records only shall be sealed."); *Northrop v. Carucci*, No. 304-CV-103, 2007 U.S. Dist. LEXIS 16491, at *10 n.6 (D. Conn. Mar. 5, 2007) ("The record contains over 800 pages of plaintiff's medical records . . . . No motion to seal them has been filed. Courts ordinarily apply a strong presumption against sealing court records . . . . However, federal law treats medical records as confidential . . . . Therefore, plaintiff's medical records will be sealed by the Clerk.")

As discussed in more detail below, while the document at issue appears to be within the definition of "judicial documents," the disclosure of it has the potential to cause serious harm to Plaintiff. As a result, the confidential medical information should be filed under seal and not made public.

B.   Plaintiff's Highly Confidential Medical Information Should Be Sealed

Plaintiff wanted to submit highly confidential information relating to his medical care and treatment by including the Audit Log as Exhibit 1 to each of the Declarations of Refael Klein in his opposition papers. For the reasons explained below, the Audit Log should be filed under seal to avoid potential harm to Plaintiff.

Plaintiff does not dispute that these exhibits can be considered judicial documents under *Lugosch* nor that the confidential information at issue relates to the issues to be determined – *i.e.*, whether or not Defendant unlawfully accessed his medical records. Thus, a common law presumption of access applies. But the presumption of access to the specific information Plaintiff seeks to seal has very little weight because the redacted version of his document shows that CHSLI accessed his records over thirty times.

In addition, Plaintiff's interest in keeping his medical information confidential outweighs any presumption of public access. Disclosure of this information is likely to cause harm to

Hon. Ronnie Abrams<br>
May 5, 2020<br>
Page 4

Plaintiff. In particular, disclosure of this information would permit the public to easily glean what types, and the extent, of treatment Plaintiff is receiving, causing harm to his reputation, both personally and professionally. Such information in the public domain would be simply an invasion of his privacy.

Given this likelihood of harm, as well as the narrow nature of Plaintiff's sealing request, Plaintiff respectfully submits that the *Lugosch* test is satisfied and a sealing order should be entered.

Conclusion

Plaintiff respectfully submits that because its sealing request is narrow and unopposed, and there is a substantial risk of harm from public disclosure of the confidential information at issue, the Court should enter an order permitting the highly confidential information Plaintiff submitted in connection with his opposition to Defendants' separate Motion for Sanctions and Motion to Dismiss and/or for Summary Judgment to be filed under seal.

Respectfully Submitted,

William B. Kerr

cc:   Thomas D'Antonio (Via ECF)

---

Plaintiff's request to file Exhibit 1 under seal is GRANTED.  Plaintiff does not dispute that Exhibit 1 should be considered a judicial document and that the information contained within the document is relevant to resolving this action. Nonetheless, the Court agrees with Plaintiff that his interest in keeping his medical information confidential here outweighs the presumption of public access.  See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (noting that "countervailing factors" to the presumption of access include "the privacy interests of those resisting disclosure").  Courts in this circuit routinely file a party's medical records under seal.  See Dilworth v. Goldberg, No. 10-CV-2224 (JMF), 2014 WL 3798631, at *2 n.3 (S.D.N.Y. Apr. 1, 2014);  see also Wheeler-Whichard v. Doe, No. 10-CV-358, 2010 WL 3395288, at *7 (W.D.N.Y. Aug. 25, 2010)  ("The Court notes . . . that this Court and other district courts routinely file medical records under seal, without sealing the action or having plaintiff proceed under a pseudonym, to protect plaintiff's privacy interests in his medical records[.]").  The Clerk of Court is respectfully directed to file Exhibit 1 at docket entry 51 and 54 under seal.

SO ORDERED.

_____
Ronnie Abrams, U.S.D.J.
May 6, 2020