UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

REFAEL KLEIN,

                       Plaintiff,                    Civil Action No.: 19-CV-9172

      -against-

STACEY R. B. AICHER,

                       Defendant.

        **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION
FOR CONTEMPT, TO COMPEL PAYMENT AND/OR FOR FURTHER SANCTIONS**

 

**KERR LLP**
40 Wall Street, 29 Floor
New York, New York 10005
Tel: (212) 423-0305
*Attorneys for Plaintiff Refael Klein*

Plaintiff Refael Klein ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendant Stacey R. B. Aicher's ("Defendant") motion for contempt, to compel payment and/or for further sanctions [Dkt. 90 & 90-1]. Accompanying this memorandum is the Declaration of Refael Klein ("Klein Declaration") and Declaration of William B. Kerr.

## ARGUMENT

The Klein Declaration demonstrates that Plaintiff does not have the financial ability to pay the Court's sanction award of $74,160.

A party may not be held in contempt unless "the order violated by the contemnor is 'clear and unambiguous,' the proof of non-compliance is 'clear and convincing,' and the contemnor was not reasonably diligent in attempting to comply." *E.E.O.C. v. Local 638*, 81 F.3d 1162, 1171 (2d Cir. 1996) *citing United States v. Local 1804–1, Int'l Longshoremen's Ass'n,* 44 F.3d 1091, 1096 (2d Cir.1995).

"A civil contempt order is designed to be coercive rather than punitive." *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995). Accordingly, "a party's complete inability, due to poverty or insolvency, to comply with an order to pay court-imposed monetary sanctions is a defense to a charge of civil contempt. *See id citing Hicks v. Feiock,* 485 U.S. 624, 638 n. 9, 108 S.Ct. 1423, 1433 n. 9, 99 L.Ed.2d 721 (1988) (citations omitted).

Plaintiff states under penalty of perjury that he does not have the ability to pay the Court's sanction award. *See generally* Klein Decl. Specifically, he states that he is retired and does not receive any income other than Social Security benefits. *See* Klein Decl. ¶ 7 & 8. Plaintiff further states that he is dependent upon another family member for his livelihood. *See id.* at ¶ 8. Finally, Plaintiff states that he does not qualify for a bank loan and cannot obtain a loan from friends or family. *See id.* at ¶ 15.

Conclusory statements are inadequate to carry this burden. *Id. citing Donovan v. Sovereign Security, Ltd.,* 726 F.2d 55, 59 (2d Cir. 1984). However, Plaintiff does not offer merely conclusory denials, but details specifics as to his income and assets and offers to testify and/or to be made available for deposition on this matter (*id.* at ¶ 19).

## CONCLUSION

Based upon the foregoing, Defendant's motion for contempt, to compel payment and/or for further sanctions should be denied.

Dated:  New York, New York
         November 4, 2020

 

Respectfully Submitted,

KERR, LLP

William B. Kerr
40 Wall Street, 29th Floor
New York, New York 10005
(212) 423-0305
wkerr@kerrllp.com
*Counsel for Plaintiff Refael Klein*