UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REFAEL KLEIN,

          Plaintiff,

-against-

STACEY R. B. AICHER,

          Defendant.

Civil Action No.: 19-CV-9172

**SUR-REPLY DECLARATION OF REFAEL KLEIN**

Refael Klein, pursuant to 28 U.S.C. ¶ 1746, declares under penalty of perjury that the foregoing is true and correct:

1. I was the Plaintiff in the above-captioned matter. As such, I am fully familiar with the facts recited in this Declaration. This Declaration is submitted in further opposition to Defendant Stacey R. B. Aicher's ("Defendant") motion for contempt, to compel payment and/or for further sanctions against me.

2. Despite Defendant's claim to the contrary, in my declaration in opposition, I did dispute Defendant's contention that I should be held in contempt of the Court's prior orders compelling me to pay $74,160 in sanctions. Specifically, I explained that I simply do not have the financial ability to pay the Court's sanction award. [Dkt. 94 at ¶ 4][1] And, I further explained that awarding a judgment for that amount would serve only to affect my ability to manage my worsening medical condition. [Dkt. 94 at ¶ 17]

3. Defendant attempts to call into question my credibility – *i.e.*, my claim that I am retired and specifically, because (a) I am still listed as the "Managing Director" on the Landmark Ventures website; (b) I did not mention if I have an ownership interest in Landmark Ventures or

---

[1] Defendant also erroneously contends that I stated that I rarely travel outside my home. I never said any such a thing. [Dkt. 99 at ¶ 5(d); *compare* Dkt. 94 at ¶ 5]

any of its related entities; (c) I did not mention my (prior) role in several technology companies listed on the Landmark Ventures website; and (d) the New York State Department of State ("DOS") continues to list me as Chief Executive Officer ("CEO") of Landmark Ventures (Israel) Inc., CEO of Petronet International Corp., the person eligible for receipt of service of process for American Friends of Kav-Or and my home address as the address for service of process for Landmark Ventures (USA) Inc.

4. Finally, Defendant states that my "personal holdings [ ] appear to be of substantial worth" [Dkt. 99 at ¶ 18], but then lists only one asset – my home – which Defendant claims is valued in excess of $800,000.

5. As I stated in my declaration in opposition, I retired from Landmark Ventures (USA) Inc. ("Landmark Ventures") at the end of 2018.

6. The Landmark Ventures website still identifies me as "Managing Director". I was the founder of that company and although I am retired, I continue to maintain that title *emeritus*.

7. I did not mention any ownership interest in Landmark Ventures because I have no ownership interest in Landmark Ventures. Upon my retirement, my shares were transferred to another equity holder for no value. I did not mention any ownership interest in any related entities either because I have had no such ownership interests for many years.

8. I did not mention my role in several technology companies listed on the Landmark Ventures website because it has been a long time since I have not been a "shareholder, consultant and/or Advisory Board member" of any of those companies – Appfluent, ChemConnect, Collation, G-Log, Ketera, IntraLinks, Ounce Labs, NetManage, Radware, PowerPaper, Preventsys and VFA – nor do I receive any direct or indirect remuneration from any of them.

9. The DOS continues to list me as CEO of Landmark Ventures (Israel) Inc. and CEO of Petronet International Corp. ("Petronet"), but I have no active role in either company nor am I financially compensated by either of them. Landmark Ventures (Israel) Inc. is no longer operating and Petronet has not been operating for over ten years.

10. Apparently, I am still listed as the person eligible for receipt of service of process for American Friends of Kav-Or, a non-for-profit charity. However, I believe that that charity is defunct. In any event, I have never received compensation from that company.

11. My home address continues to be the address for service of process for Landmark Ventures. I believe that maintaining a separate address for service of process is more reliable because it ensures that such process can make its way to the correct decision maker faster especially this year during the pandemic because Landmark Ventures' physical offices have not been occupied since mid-March. As such, I continue to receive legal notifications for the company. When one is received, I simply forward it to the proper person at the company or to its attorneys. From time to time, I continue to be involved in legal matters that arose prior to my retirement and I do so for no remuneration.

12. Finally, Defendant claims that my home is valued in excess of $800,000. While I have no idea what the current value of my home may be, the equity in the home is not mine alone. The home is jointly owned.

For the reasons set forth herein and in my declaration in opposition, Defendant's motion for contempt, to compel payment and/or for further sanctions should be denied.

Dated: November 20, 2020

_____
Refael Klein