USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REFAEL KLEIN,

            Plaintiff,

v.

STACEY R. B. AICHER,

            Defendant.

19-CV-9172 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

    Defendant Stacey Aicher seeks civil contempt sanctions against Plaintiff Rafael Klein due to his failure to pay Aicher $74,160 in attorneys' fees and costs as ordered by this Court following Klein's unsuccessful litigation against Aicher. Klein opposes Aicher's request, asserting that because he lacks the financial ability to pay the fees, he should not be held in contempt for failing to do so. For the reasons that follow, the Court finds that Klein has failed to establish a complete inability to pay and holds Klein in civil contempt.

## BACKGROUND

    Klein commenced this action against Aicher in October 2019, alleging that Aicher unlawfully accessed and disseminated his private medical records in violation of state law. Compl. at ¶¶ 1, 28–58. He sought both declaratory and injunctive relief, as well as over $500,000 in damages, attorneys' fees and costs. *Id*. ¶ 59.

    In January 2020, Aicher filed a motion to dismiss this action for failure to state a claim. Dkt. 22. She also sought sanctions against Klein on five independent grounds: (1) Klein's claims lacked any reasonable evidentiary support; (2) a reasonable inquiry was not performed before filing the complaint; (3) the claims were not viable as a matter of settled law; (4) the complaint was brought for an improper

purpose; and (5) Klein has unjustifiably refused to withdraw the complaint. Dkt. 27; Dkt. 30. The Court granted both the motion to dismiss and the motion for sanctions. *Klein v. Aicher*, No. 19-CV-9172 (RA), 2020 U.S. Dist. LEXIS 128979, 2020 WL 4194823, *13 (S.D.N.Y. July 21, 2020). In regard to the latter motion, the Court concluded that the appropriate sanction was an award of attorneys' fees and costs. *Id*. at *12. Aicher was ordered to "submit an affidavit setting forth the total hours spent and legal services rendered in connection with this action, as well as [defense] counsel's hourly fee," so that the Court could calculate the precise amount of fees owed. *Id*. at *13. Aicher did so, and on July 29, 2020, Klein was ordered to pay sanctions to Aicher in the amount of $74,160. Dkt. 77 (the "July 29 Order").

After Klein failed to make payment, on September 25, 2020, Aicher filed a motion to compel Klein to pay the sanctions assessed in the July 29 Order. Dkt. 83. The Court ordered Klein to pay Aicher the $74,160 no later than October 6, 2020, and advised Klein that "failure to comply with this order may result in the levying of additional sanctions against him." Dkt. 84 (the "September 29 Order"). On October 6, after receiving a letter from Klein concerning a breakdown in communications with his attorney, Klein's time to pay was extended until October 20, 2020. Dkt. 88 (the "October 6 Order"). The Court warned Klein in its extension order that "[n]o further adjournments [would] be granted." *Id*.

On October 21, 2020, after Klein again failed to make payment, Aicher filed the instant motion, pursuant to Federal Rule of Civil Procedure 70(e), requesting an order "finding plaintiff Refael Klein in contempt for his failure to obey the Court's prior Orders issued on July 29, September 29 and October 6, 2020." Dkt. 90.[1] In a declaration made in support of the motion, Aicher's attorney Thomas D'Antonio

---

[1] Aicher also seeks an order: "[(1)] compelling plaintiff Klein to pay the sum of $74,160 to the Clerk of this Court, or as otherwise directed by the Court, forthwith; [(2)] granting Judgment in the principal amount of $74,160 in favor of defendant Stacey R. B. Aicher and against plaintiff Klein, to be discharged only upon plaintiff Klein's compliance with the terms of subparagraph [(1)], above; [(3)] further sanctioning plaintiff Klein in the amount of $11,232.79, for additional fees and expensed incurred by defendant Aicher seeking to secure plaintiff Klein's voluntary compliance with his prior sanctions obligations, and otherwise responding to various submissions made by or on behalf of plaintiff Klein; [(4)] granting Judgment for those additional fees and expenses, in favor of defendant Stacey R. B. Aicher and against plaintiff Klein, as sought pursuant to the provisions of subparagraph [(3)], above; [(5)] awarding such other, further and additional sanctions as deemed appropriate by this Court, consistent with the clear warning issued to plaintiff Klein in the Court's

2

averred that he had "made repeated and sustained efforts to secure the voluntary compliance of Mr. Klein, through various communications with his counsel William Kerr and numerous filings with this Court," and had amassed $11,180 in fees in the time since the July 29 Order attempting to secure compliance with the sanctions order. Dkt. 90 Ex. 1 ("D'Antonio Decl.") at ¶¶ 4, 16–17.[2]

Klein's attorney, William Kerr, filed an opposition to the contempt motion on November 4, 2020, which was supported by declarations by both Kerr and Klein. In his declaration, Klein claimed that he "ha[s] been unable to make . . . any payments toward the $74,160" he owes Aicher "[d]ue to [his] current financial situation." Dkt. 100 ("Klein Decl.") ¶ 4. He further claimed that since his retirement, he has received no income other than Social Security benefits, makes no money off investments, and has no 401(K) or retirement account. *Id*. ¶¶ 7–8, 10. He asserted that he owns no cars, artwork, jewelry, or any other items of significant value. *Id*. ¶ 13. He alleged that he is unable to borrow the money needed to pay what is owed: he will not ask friends or family for a loan because he would be unable to pay them back, and he purportedly cannot borrow from a bank because he has no income and would thus be denied a loan. *Id*. ¶ 15. He also submitted documentation showing that he has only $178 in his bank account and has no other bank account. *Id*. ¶ 6 & Ex. A (bank statement).

On November 9, 2020, D'Antonio filed a reply affirmation, presenting the following countervailing facts: Although Klein asserts that he is retired, he is still listed as a managing director on the website of Landmark Ventures, the company he founded. Reply Decl. ¶ 10. The Landmark website further describes Klein as a "shareholder, consultant and/or Advisory Board member for several technology companies, including Appfluent, ChemConnect, Collation. G-Log, Ketera. IntraLinks, Ounce Labs, NetManage, Radware. PovverPaper. Preventsys and VFA." *Id*. ¶ 14. Klein is also still

---

September 29, 2020 Order; and [(6)] granting such other and further relief as the Court deems just and proper under the circumstances." Dkt. 90 at 1–2.

[2] In his Reply Declaration, D'Antonio reported that he his fees had increased by $4,280 in the time after the filing of the contempt motion. Dkt. 99 ("Reply Decl.") at ¶ 21. He also seeks to recoup $52.79 in costs, spent express mailing Aicher's Rule 11 and Rule 12 motions. D'Antonio Decl. ¶ 18 n. 3.

3

listed by the New York State Department of State as chief executive officer of Landmark Ventures (Israel) Inc. and Petronet International Corp. *Id*. ¶ 15 & Ex. D; *id*. ¶ 16, & Ex. F. Moreover, his home is valued at over $809,000, with the remaining balance on his mortgage only $81,000, meaning Klein has around $720,000 in equity in the home. *Id*. ¶ 19 & Ex. H; *see also* Klein Decl. Ex. 2.

Klein, through his counsel, then sought and received leave to file a sur-reply. Dkt. 102. On November 20, Klein filed a sur-reply declaration. Dkt. 103 ("Sur-Reply Decl."). In it, he asserted that he is no longer a shareholder in any of the companies listed on the Landmark website and clarified that he is the managing director "emeritus" of Landmark, not the active managing director. *Id*. at ¶¶ 6, 8. He claimed that neither Landmark Ventures (Israel) Inc. nor Petronet International remains operational. *Id*. ¶ 9. Without disputing the value of his home, he noted that it is jointly owned. *Id*. ¶ 12.

Nearly six months later, on April 15, 2021, Klein submitted a letter to the Court, asserting that he has uncovered "completely new evidence that [he] believe[s] will change the total reality of this case."[3] He claimed that he wanted to file a motion for reconsideration, but that he has lost contact with his attorney. He thus requested that the Court "hold decision on any pending motions until [he] can produce the new evidence with a new law firm."

## DISCUSSION

### I. Motion to Stay Decision

As a preliminary matter, the Court denies Klein's request to hold decision on the pending motion. Aicher filed the instant contempt motion over six months ago. In response to the motion, Klein's counsel, William Kerr, filed a memorandum in opposition, multiple declarations, and a sur-reply. *See* Dkts. 93–95, 102–03. The sanctions motion has thus been fully briefed, and the Court requires no further information from the parties to render its decision. The Court is satisfied that Klein was given ample opportunity to be heard on this matter. *See Rates Tech., Inc. v. Mediatrix Telecom, Inc*. 05-CV-2755

---

[3] This letter was not docketed because it contains sensitive information about Mr. Klein's health.

4

(JS) (AKT), 2008 U.S. Dist. LEXIS 120291, 2008 WL 8443564, *8 (E.D.N.Y. Sept. 2, 2008) (collecting cases on the right to be heard in the context of a sanctions motion).

## II. Motion for Sanctions

"A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.,* 369 F.3d 645, 655 (2d Cir. 2004).

Klein does not contend that the July 29 and October 6 Orders were unclear and ambiguous. And because Klein concedes that he has made no payments, proof of his noncompliance is clear and convincing. Nevertheless, he contends that he should not be held in contempt because he has proven that he is unable to pay the sanction imposed in the July 29 Order. "[A] party's complete inability, due to poverty or insolvency, to comply with an order to pay court-imposed monetary sanctions is a defense to a charge of civil contempt." *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995). If a party seeks to raise the defense of inability to pay, however, that party bears the burden of establishing "clearly, plainly, and unmistakably" that he is unable to comply with a payment order to be absolved of it. *See id.*; *see also In re Marc Rich & Co.*, 736 F.2d 864, 866 (2d Cir. 1984).

The Court finds that Klein has not met his burden of showing that he is "clearly, plainly, and unmistakably" unable to pay. *Huber*, 51 F.3d at 10. As an initial matter, he has submitted documentation showing that he has a $720,000 equity interest in a piece of real property. Klein Decl. Ex. 2 (document showing $81,077.51 balance remaining for a mortgage on a home worth $809,000). This fact alone is fatal to his claim because "[s]o long as [he] has any assets that can be used to pay down the disgorgement order against him, [he] is in continuing contempt of this Court's order." *S.E.C. v. Zubkis,* 97-CV-8086 (JGK), 2003 U.S. Dist. LEXIS 16153, 2003 WL 22118978, at *4 (S.D.N.Y. Sept. 11, 2003). Klein

5

asserts that he is not the sole owner of the property, Sur-Reply Decl. ¶ 12, but he does not explain with whom he jointly owns the home, nor has he provided any documentation to support that claim. *See Huber*, 51 F.3d at 7–8 (discounting claims made by a contemnor in an affidavit but not supported by documentation).

Klein has also failed to rebut the evidence proffered by Aicher suggesting that he does in fact have financial resources beyond what he has represented. Specifically, Aicher has submitted documentation reflecting that Klein is listed by the New York State Department of State as chief executive officer of Landmark Ventures (Israel) Inc. and Petronet International Corp. Reply. Decl. ¶ 15 & Ex. D; *id*. ¶ 16, & Ex. F. She has also presented proof that Klein is listed on the website of Landmark Ventures as the managing director, as well as a "shareholder, consultant and/or Advisory Board member for several technology companies, including Appfluent, ChemConnect, Collation. G-Log, Ketera. IntraLinks, Ounce Labs, NetManage, Radware. PovverPaper. Preventsys and VFA." *Id*. ¶ 14 & Ex. C. Although Klein asserts in his sur-reply declaration that this information is outdated and that these positions no longer serve as a source of revenue for him, Sur-Reply Decl. ¶ 3, he fails to bolster these attestations with any evidence. The Court is not inclined to take Klein on his word. The Second Circuit has advised that while it "is generally true" that "it is difficult to prove a negative by documentation," a district court may disregard a contemnor's assertions in his affidavit when he fails to support that affidavit with documentation. *See Huber*, 51 F.3d at 11. Accordingly, the Court concludes that Klein has failed to meet his burden of proving that he is "clearly, plainly, and unmistakably" unable to pay the sanctions awarded in the July 29 Order. *Id*. at 10.

Having found Klein in contempt, the Court must determine the proper penalty. "Unlike sentences for criminal contempt, which are punitive in nature and intended to vindicate the authority of the court, the sanctions for civil contempt serve two purposes: to coerce future compliance and to remedy any harm past noncompliance caused the other party." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996). "So

6

far as the first of these functions is concerned, the district judge, sitting in equity, is vested with wide discretion in fashioning a remedy." *Vuitton et Fils S.A. v. Carousel Handbags,* 592 F.2d 126, 130 (2d Cir.1979). "The compensatory goal, by contrast, can only be met by awarding to the plaintiff any proven damages." *Weitzman*, 98 F.3d at 719. In either case, a court may award appropriate attorney fees and costs to a victim of contempt. *Id.*[4]

Aicher asks for $11,180 in attorneys' fees for costs incurred between July 29 and October 21, 2020, during which time Aicher's counsel attempted to obtain compliance with the sanctions order including through communication with Klein's counsel, drafting of the instant motion, and preparation of other filings. D'Antonio Decl. ¶¶ 16–17 & Ex. B. She also seeks the $4,820 in fees incurred after October 21. Reply ¶ 21 & Ex. I. Aicher also seeks $52.79 in costs.

Klein does not object to paying the $52.79 in previously unbilled costs, but argues that—to the extent that a contempt finding is appropriate—the Court should only award the fees incurred in preparing this motion after Klein failed to comply with the October 6 Order, not those fees incurred trying to obtain voluntary compliance with the July 29 Order. Kerr Decl. ¶ 4. A contemnor made a similar argument in *Middleton v. Green Cycle Housing, Inc.*, arguing that recovery should be restricted to "the hours spent drafting the contempt motions" because the contempt victim was "not entitled to fees and disbursements for the multiple other procedures and proceedings she has undertaken in seeking discovery of assets and enforcement of the judgment." 15-MC-23 (DLC), 2017 U.S. Dist. LEXIS 25627, 2017 WL 715747, at *8 (S.D.N.Y. Feb. 23, 2017). Judge Cote rejected the contemnor's claim, stating that his argument "overlook[ed] the compensatory goal of contempt sanctions and underestimate[d] the effort required to uncover [his] contemptuous conduct and ultimately secure his compliance with . . . the Court's orders."

---

[4] "The Second Circuit has held that attorneys' fees should be awarded where the contempt is willful, but it is not a prerequisite for there to be a finding that the contempt was willful." *Nisselson v. Empyrean Inv. Fund, L.P. (In re MarketXT Holdings Corp.)*, 06-CV-6695 (LBS), 2007 U.S. Dist. LEXIS 27008, 2007 WL 1040422, *3 (S.D.N.Y. Apr. 3, 2007) (citing *Weitzman*, 98 F.3d at 719).

*Id*. The Court agrees with the rationale articulated in *Middleton*, and will not limit Aicher's attorneys' fees as Klein urges. Doing so "would undercompensate [Aicher] for her extensive efforts to uncover and overcome [Klein's] flagrant and contumacious defiance of" the July 29 and October 6 Orders. *Id*. at *9.

Nonetheless, the Court will not award Aicher all the attorneys' fees she seeks, and will instead limit the award to those fees that are supported by documentation. *See New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) (applications for court-ordered attorneys' fees require documentation with contemporaneous time records). D'Antonio avers in his declaration that he and his co-counsel, Molly Spakowski, incurred $9,992 in fees between July 29 and October 19, 2020 "in connection with efforts to secure plaintiff Klein's compliance" with the July 29 Order. D'Antonio Decl. ¶ 16. He also states that they incurred $1,188 in fees drafting the instant motion and communicating with Kerr about it. *Id*. ¶ 17. The billing records attached in support of the D'Antonio Declaration show that Spakowski—billing at a rate of $280 per hour[5]—spent 26.3 hours during this time conducting research and communicating with her team about topics related to the instant contempt motion. D'Antonio Decl. Ex. B. D'Antonio—billing at a rate of $360 per hour—spent 7.3 hours communicating with Spakowski, Kerr, and Aicher about the same. In total, the records show that the pair incurred a total of $9,992 in additional fees between August 21 and October 6, 2020. *Id*. No billing records have been filed relating to the $1,188 allegedly incurred preparing the instant motion, however. Similarly, in his reply declaration, D'Antonio states that he and Spakowski incurred $3,240 in fees regarding this motion between October 30 and November 6. Reply ¶ 21. He also asserts that they incurred an additional $1,580 on November 9. *Id*. The billing records attached in support of the Reply Declaration show that Spakowski—billing at a rate of $280 per hour—spent 9.9 hours preparing the Reply, while D'Antonio—billing at a rate of $360 per hour—spent 1.3 hours on the same, for a total of

---

[5] The Court notes that it has already found the rates at which Spakowski and D'Antonio bill to be reasonable. *See* Dkt. 77.

$3,240 in additional fees between October 30 and November 9. Reply Ex. I. Yet no billing records have been filed relating to the $1,580 allegedly incurred on November 9. Because the parties lack documentation for the $1,188 in fees incurred drafting the instant motion and the $1,580 incurred on November 9, it will not award those fees. It will, however, grant the remaining $13,232 in requested fees, for which adequate documentation was presented, as well as the $52.79 in previously unbilled costs to which the parties agree. The Court will also grant Aicher's request for (1) "Judgment in the principal amount of $74,160 in favor of defendant Stacey R. B. Aicher and against plaintiff Klein," and (2) "Judgment for those additional fees and expenses, in favor of defendant Stacey R. B. Aicher and against plaintiff Klein, as sought pursuant to the" instant contempt motion." Dkt. 90. Aicher asks the Court to "embody the sanctions award in a money Judgment [in order to] permit Ms. Aicher, if payment is not made, to record the obligation of Mr. Klein as a matter of public record, and otherwise independently pursue enforcement remedies." D'Antonio Decl.¶ 15. The Court agrees that Aicher should be able to do so. Aicher also requests an order "compelling plaintiff Klein to pay the sum of $74,160 to the Clerk of this Court, or as otherwise directed by the Court, forthwith." Dkt. 90. She asserts that doing so "would provide the easiest method for the Court to monitor compliance." D'Antonio Decl.¶ 14. The Court agrees, and will also grant this relief.

## CONCLUSION

For the reasons articulated above, it is hereby:

ORDERED that Klein be held in civil contempt for violating the July 29 and October 6 orders and as a result, must pay Aicher an additional $13,284.79 in attorneys' fees and costs.

IT IS FURTHER ORDERED that Klein pay both the $13,284.79 in sanctions imposed in this order—as well as the $74,160 in sanctions imposed in the July 29 Order—to the Clerk of this Court.

The Clerk of Court is respectfully directed to enter a Judgment against Klein for $13,284.79.

The Clerk of Court is also respectfully directed to enter a Judgment against Klein pursuant to the Court's July 29 Order for $74,160. *See* Dkt. 77.

SO ORDERED.

Dated: May 14, 2021
        New York, New York

RONNIE ABRAMS
United States District Judge